IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PERRY DIGGS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-1367-D |
| | § | |
| CRAIG CUNNINGHAM, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants Facilitech Systems, Inc. ("Facilitech") and its president, Craig Cunningham ("Cunningham"), have filed a motion for summary judgment in this *pro se* race discrimination case brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*  For the reasons stated herein, the motion should be granted.

I.

Plaintiff Perry L. Diggs, an African-American, was employed by Facilitech in various capacities from August 1997 until June 1998 and from September 1999 until early April 2002.  (*See* Plf. Decl. at 1, ¶ 2).  On or about April 20, 2002, plaintiff became an employee of ADP TotalSource, Inc. ("ADP"), a human resource management company.  (*Id.*; Def. MSJ App. at 4, Req. # 2 & 29, ¶ 2).[1]  Plaintiff continued to work for Facilitech as an ADP employee until February 13, 2003, when he was terminated following an altercation with a co-worker.  (*See* Def. MSJ App. at 4, Req. # 4 & 29-30, ¶¶ 2-3).

---

[1]  Much of the summary judgment evidence relied on by defendants is based on requests for admissions that were deemed admitted by the court after plaintiff failed to timely serve answers or objections.  *See* Order, 2/18/05 at 2, *citing* FED. R. CIV. P. 36(a).

On or about July 11, 2003, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that he had been paid less than similarly situated non-black employees and was terminated on account of his race. (*Id.* at 7, Req. ## 17-18). The EEOC issued a right-to-sue letter after concluding that plaintiff failed to present sufficient evidence of a Title VII violation. Plaintiff received the letter on March 24, 2004. (Plf. Am. Compl. at 1, ¶ II; Plf. MSJ Resp. Br. at 2, ¶ 2(f)). Ninety-one days later, on June 23, 2004, plaintiff filed this action against Facilitech and Cunningham.[2]

Defendants now move for summary judgment on the ground that plaintiff did not file suit within 90 days after receiving his right-to-sue letter as required by 42 U.S.C. § 2000e-5(f)(1). Alternatively, defendants contend that: (1) neither Facilitech nor Cunningham qualify as an "employer" under Title VII; and (2) plaintiff cannot establish a *prima facie* case of race discrimination or show that the legitimate, nondiscriminatory reason proffered for his termination was pretextual. The issues have been fully briefed by the parties and the motion is ripe for determination.

## II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 131 (5th Cir.), *cert. denied*, 113 S.Ct. 136 (1992). A fact is "material" if it might

---

[2] Plaintiff also sued ADP and Faustino Lucio III, his immediate supervisor. To date, neither defendant has been served with process.

reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Matter of Gleasman*, 933 F.2d 1277, 1281 (5th Cir. 1991).

A summary judgment movant who does not have the burden of proof at trial must point to the absence of a genuine fact issue. *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir. 1995). The burden then shifts to the non-movant to show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Fed. R. Civ. P. 56(e).[3] *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993). However, conclusory statements, hearsay, and testimony based on conjecture or subjective belief are not competent summary judgment evidence. *Topalian*, 954 F.2d at 1131.

## A.

The threshold issue in this case is limitations. Under Title VII, an aggrieved party must file suit in federal district court within 90 days after being notified of his right to sue by the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988). This limitations period is strictly construed and must not be "disregarded by courts out of a vague

---

[3] Rule 56(e) provides, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

FED. R. CIV. P. 56(e).

sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1287 (2003).

Plaintiff acknowledges that his Title VII claims "might be barred by the Statute of Limitations." (Plf. MSJ Resp. Br. at 2, ¶ 2(e)).  Indeed, the record shows that plaintiff received his right-to-sue letter on March 24, 2004, but did not file suit until June 23, 2004-- 91-days later.  (*See* Plf. Am. Compl. at 1, ¶ II; Plf. MSJ Resp. Br. at 2, ¶ 2(f); Def. MSJ App. at 9, Req. # 24).  Courts have consistently held that a Title VII action filed one-day late is time-barred.  *See, e.g. Mosel v. Hills Dept. Store, Inc.*, 789 F.2d 251 (3rd Cir. 1986); *Norris v. Florida Health and Rehabilitative Services*, 730 F.2d 682 (11th Cir. 1984); *Moscowitz v. Brown*, 850 F.Supp. 1185, 1191 (S.D.N.Y. 1994).  Therefore, in order to survive dismissal, plaintiff must establish a factual basis for tolling the limitations period on equitable grounds.

## B.

Equitable tolling applies to the statutory time limits governing Title VII actions against private employers.  *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394, 102 S.Ct. 1127, 1133, 71 L.Ed.2d 234 (1982).  However, "[f]ederal courts have typically extended equitable relief only sparingly." *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992), *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990).  The Fifth Circuit has allowed equitable tolling "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.*; *see also Stith v. Perot Systems Corp.*, No. 3-02-CV-1424-D, 2004 WL 690884 at *5 (N.D. Tex. Mar. 12, 2004) (Fitzwater, J.), *aff'd*, 122 Fed.Appx. 115 (5th Cir. Jan. 31, 2005) (discussing Fifth Circuit

requirements for equitable tolling).  Stated differently, equitable tolling may apply "where the claimant has vigorously pursued his action, but has inadvertently missed deadlines due to his or her lack of sophistication with the procedural requirements of Title VII claims." *Rowe*, 967 F.2d at 192.

The only argument made by plaintiff in support of equitable tolling is that his former attorney told him that a lawsuit must be filed by June 23, 2004.  Plaintiff alleges that this unnamed lawyer held his right-to-sue letter until June 19, 2004, when he abruptly terminated his legal representation and returned plaintiff's retainer deposit.  (*See* Plf. MSJ Resp. Br. at 2, ¶ 2(f) & (g)).  The court initially observes that this argument is made in an unsworn pleading and, thus, is not competent summary judgment evidence.  *See Johnson v. AL Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (refusing to toll Title VII limitations period based on unsubstantiated allegations that EEOC official told plaintiff his complaint could be filed late).  Even if the court considers plaintiff's unsworn response, there is no allegation, much less evidence, that plaintiff was tricked or induced by *defendants* into allowing the filing deadline to pass or that he actively pursued his judicial remedies during the statutory filing period.  Plaintiff is not an unsophisticated Title VII litigant, having made claims of race discrimination in other employment settings.  (Def. MSJ App. at 10, Req. # 28).  *Rowe*, 967 F.2d at 192 (no basis for equitable tolling where plaintiff was familiar with Title VII statutes).  Nor is the lack of diligence by his former attorney grounds for equitable tolling. *See Irwin*, 111 S.Ct. at 458 (equitable tolling does not extend to "garden variety claim of excusable neglect" by an attorney); *Carter v. Texas Dep't of Health*, 119 Fed.Appx. 577, 2004 WL 2722738 at \*2 (5th Cir. Nov. 22, 2004), *cert. denied*, 125 S.Ct. 2978 (2005) (dismissal of prior Title VII action due to attorney neglect does not justify equitable tolling); *cf. Seitzinger v. Reading Hospital and Medical Center*, 165 F.3d 236, 241 (3d Cir. 1999) (finding sufficient grounds for equitable tolling where lawyer affirmatively misrepresented to client that complaint had been filed in time and

client exhibited "consistent assiduousness" in investigating and bringing her claims).  Under these circumstances, there is no basis for tolling the Title VII statute of limitations.

### RECOMMENDATION

Defendants' motion for summary judgment should be granted on limitations grounds.[4]  All claims asserted by plaintiff against Facilitech Systems, Inc. and Craig Cunningham should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED:     September   6,   2005.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[4]  The resolution of this threshold issue pretermits consideration of the other grounds raised by defendants in their motion for summary judgment.  However, in the face of judicial admissions that plaintiff was an ADP employee and that he was terminated for fighting with a co-worker in violation of company policy, (*see, e.g.* Def. MSJ App. at 4-5, Req. ## 2, 3, 4 6 & 8), it is difficult to envision how plaintiff can establish a genuine issue of material fact for trial.