IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PERRY DIGGS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-1367-D |
| | § | |
| CRAIG CUNNINGHAM, ET AL. | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

Plaintiff Perry L. Diggs, appearing *pro se*, has filed a motion for default judgment against A.D.P. Total Sources, Inc. ("ADP") and Faustino Lucio III ("Lucio"). Although summonses were issued to both defendants on April 8, 2005, there is no indication that either ADP or Lucio were properly served with process. With respect to ADP, plaintiff has failed to provide any evidence that service was even attempted on this defendant. Plaintiff did send certified mailings to Lucio in June and August 2005,[1] but it is unclear whether those mailings contained the summons and a copy of the complaint as required by Fed. R. Civ. P. 4(c)(1). Moreover, it appears that service on Lucio was attempted by plaintiff himself, rather than by a non-party who is at least 18 years of age. *See* Fed.

---

[1] Under the federal rules, an individual within a judicial district of the United States may be served:

    (1)    pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

    (2)    by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

*See* FED. R. CIV. P. 4(e). Plaintiff opted to serve Lucio by certified mail, return receipt requested, ostensibly in conformity with Texas law. *See* TEX. R. CIV. P. 106(a)(2).

R. Civ. P. 4(c)(2). In any event, both certified mailings were returned to plaintiff unclaimed. There is no evidence Lucio was actually served with process by certified mail or otherwise. Nor has plaintiff made proof of service to the court as required by Fed. R. Civ. P. 4(*l*).

For these reasons, plaintiff's motion for default judgment is denied.

SO ORDERED.

DATED: September 15, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE